UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JARILYN G. THOMAS | CIVIL ACTION |
| VERSUS | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL. | NO.: 14-00747-BAJ-RLB |

### RULING AND ORDER

Before the Court are two motions to dismiss: the **Motion to Dismiss Plaintiff's Complaint as Untimely (Doc. 12)** filed by Defendant The Prudential Insurance Company ("Prudential"), and the **Motion to Dismiss Plaintiff's Complaint as Untimely (Doc. 13)** filed by Defendants Ochsner Clinic Foundation and Ochsner Clinic Foundation Health and Welfare Benefit Plan (together, "Ochsner").[1] Both motions seek to dismiss Plaintiff Jarilyn G. Thomas's Complaint for Benefits and Attorney's Fees Under ERISA (Doc. 1) for being untimely filed pursuant to terms of the employer-sponsored disability benefits plan under which she seeks relief. Thomas opposes both motions to dismiss. (Doc. 16). With leave of Court, Prudential and Ochsner filed a joint reply memorandum in response to Thomas's opposition. (*See* Doc. 20). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For reasons explained fully herein, Defendants' motions are both **GRANTED**.

---

[1] The latter motion to dismiss adopts and incorporates the former in its entirety, (*see* Doc. 13 at ¶ 7), and the arguments are essentially identical. Thus, the Court considers the two motions to dismiss jointly.

1

## I. BACKGROUND

On December 1, 2014, Thomas filed suit in this matter, alleging she was denied benefits to which she was entitled under the Ochsner Clinic Foundation Health and Welfare Benefit Plan (the "Plan"), an employee benefit plan as defined by the Employment Retirement Income Security Act ("ERISA," 29 U.S.C. 1001, *et seq.*) administered by the Ochsner Clinic Foundation and Participating Subsidiaries. (Doc. 1 at ¶ I). Thomas specifies that her cause of action arises in relation to long-term disability ("LTD") benefits under an employee benefit plan governed by ERISA. (Doc. 1-1 at p. 1).

Thomas claims that, since approximately June 26, 2009, while employed by the Ochsner Clinic Foundation, Thomas became disabled by health problems, rendering her incapacitated and permanently unable to perform her job duties as Registration Coordinator, or any other job for which she would be reasonably qualified. (Doc. 1 at ¶ IV). According to Thomas, Ochsner Clinic Foundation breached a special duty to Thomas to administer the Plan and provide her the benefits to which she was "clearly entitled," and Prudential breached a special fiduciary duty to ensure Thomas's receipt of benefits as the issuer of applicable disability insurance policies. (Doc. 1 at ¶ VI–IX). Thomas alleges breaches of contractual obligations, duties, and special fiduciary duties under the Plan, the insurance policy underwritten by Prudential, ERISA, and "general princip[les] of fairness." (Doc. 1 at ¶ IX).

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S. at 556).

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The U.S. Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and citations omitted). However, "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_, \_\_\_, 135 S. Ct. 346, 346 (2014) (per curiam).

### III. DISCUSSION

Here, Prudential and Oschner seek to dismiss with prejudice Thomas's complaint as untimely under the Plan's clear terms. Specifically, Defendants argue that the contractual limitations period on Thomas's LTD benefits claim ended on March 23, 2013, whereas Thomas did not file suit until December 1, 2014.

On a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). *See also* Fed. R. Civ. P. 12(d) (if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56). However, a court properly considers documents attached to a Rule 12(b)(6) motion to dismiss to be part of the pleadings if the plaintiff refers to those documents and they are central to the claim. *See Collins*, 224 F.3d at 498–99.

4

Here, where Thomas's entitlement to relief hinges on the terms of the ERISA Plan, which was referred to numerous times in her complaint, the Court here properly considers the terms of the Plan, which was attached an exhibit to Prudential's motion to dismiss. (*See* Doc. 12-2). *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering insurance contract terms in action involving the interpretation of insurance policies in assessing motion to dismiss "because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims").

The terms of the Plan require that legal action commence within three years from the time that proof of claim is required, unless otherwise provided under federal law. (Doc. 12-2 at p. 34). Proof of claim, in turn, is required within 90 days[2] after the end of the 180-day elimination period[3] for that claim. (Doc. 12-2 at pp. 16, 32). The complaint alleges that Thomas's disability commenced "on or about" June 26, 2009. (Doc. 1 at ¶ IV). According to the terms of the Plan, then, assuming continuous disability, Thomas's elimination period would have ended 180 days later on December 23, 2009. Her proof of claim would have been required 90 days thereafter, by March 23, 2010. The commencement of legal action would have had to occur within three years from the time the proof of claim was required, or by March 23, 2013. Even granting Thomas some measure of approximation as to the exact

---

[2] The Plan specifies that the deadline to send Prudential written proof of claim may be extended to 1 year after the time proof is otherwise required (except in the absence of legal capacity, which is not at issue in this matter).

[3] The Plan defines an "elimination period" as a period of 180 days in which a claimant must be continuously disabled. (Doc. 12-2 at p. 16).

date her disability began, it is clear that her December 1, 2014 filing date of the instant action is over twenty months past the contractually required deadline.

Prudential concedes that, in the absence of a contractually agreed-upon limitations period, a court is generally to look to analogous state law to determine the statute of limitations in a suit to recover benefits under an ERISA plan. *See Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997). Applying Louisiana law, federal courts have found a ten-year prescriptive period to govern ERISA claims. *See, e.g., Noland v. Sun Life Assurance Co. of Canada*, 252 F.3d 436 (5th Cir. 2001).

When the period of limitations is explicitly addressed in an ERISA plan, however, the Court follows a different path of analysis. "The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan. 'The plan, in short, is at the center of ERISA.'" *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, ___ U.S. ___, ___, 134 S. Ct. 604, 611–12 (2013) (*US Airways, Inc. v. McCutchen*, 569 U.S. ___, ___, 133 S. Ct. 1537, 1548 (2013)). The U.S. Supreme Court held in *Heimeshoff* that a court "must give effect to the Plan's limitations provision unless [it] determine[s] either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff*, 134 S. Ct. at 612. In that same case, the Court determined that an ERISA plan's three-year statute of limitations provision—of precisely the same duration as the limitations period in the instant case—was not unreasonably short on its face. *Id.*

Thomas argues that the limitations provision is "ambiguous" because the period to file proof of claim may be extended 1 year in the event that it is not possible to give proof of claim within 90 days after the elimination period ends. The Court disagrees. The fact that the Plan allows some claimants to file proof of claim at a later date in limited circumstances does not mean that the language of the Plan is susceptible to multiple meanings. Further, Thomas has made no allegation that it was not possible to give proof such that the one-year extension would be applicable. Assuming *arguendo* that the provision applied to Thomas's claim and merited a one-year extension of the limitations period—until March 23, 2014—her suit *still* would not have been timely filed.

Thomas, in her reply to Defendants' opposition, attempts to marshal evidence of the terms of the Summary Plan Description (SPD), which was furnished to participants and beneficiaries of the Plan in compliance with ERISA disclosure requirements. Specifically, Thomas points to language of the SPD declaring that any statute of limitations or defense based on timeliness is tolled during the time that a second administrative appeal is pending. (*See* Doc. 16-1 at p. 7).[4] The SPD, while statutorily required, does not constitute part of the Plan itself, and the U.S. Supreme Court has held that the terms of the SPD are not enforceable as terms of an ERISA plan. *See CIGNA Corp. v. Amara*, ___ U.S. ___, ___, 131 S. Ct. 1866, 1878 (2011). Thomas's complaint made no reference to the SPD, nor did it mention any

---

[4] Also attached to Thomas's reply are documents regarding her second administrative appeal. (Doc. 16-2).

terms of the SPD, and the Court cannot conclude that the SPD is central to her claim such that it is properly considered on a motion to dismiss.

Nor is the Court inclined to consider the SPD by converting the motion to dismiss into a motion for summary judgment. The U.S. Court of Appeals for the Fifth Circuit has advised that "[w]hen the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, [but] when it is scanty, incomplete, or inconclusive, the court will probably reject it." *Isquith ex rel. Isquith v. Middle S. Utils.*, 847 F.3d 186, 194 n.3 (5th Cir. 1988) (5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969)). Notably, Thomas does *not* argue that the filing of her suit would have fallen within the limitations period with proper tolling of her second administrative appeal. Instead, she argues that the tolling period "is not known" and that the SPD language is "very confusing" when considered in conjunction with the Plan, such that the Plan terms are unreasonable. (Doc. 16-1 at p. 7). Thomas also cites the SPD in support of her argument that Prudential had a duty to advise her of the statute of limitations governing her claim when it issued a final administrative decision. (Doc. 16-1 at pp. 7–9). Given that Thomas does not assert that any interpretation of the terms of the SPD would render her complaint timely under the terms of the Plan, the Court finds evidence of the SPD and of Thomas's second administrative appeal to be inconclusive. Thus, Thomas has not provided an adequate basis on which to make a rational determination of a summary judgment motion. The instant motion remains a motion to dismiss, for which the Court may not consider

the substance of extra-pleading material unless Thomas refers to those documents in her pleadings and they are central to her claim.

IV. CONCLUSION

The Court concludes that under the unambiguous terms of the ERISA Plan, which set a reasonable three-year limitations period after the date proof of claim was required, Thomas did not timely file her complaint in the instant matter.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss Plaintiff's Complaint as Untimely (Doc. 12)** filed by Defendant The Prudential Insurance Company is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Plaintiff's Complaint as Untimely (Doc. 13)** filed by Defendants Ochsner Clinic Foundation and Ochsner Clinic Foundation Health and Welfare Benefit Plan is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter brought by Plaintiff Jarilyn G. Thomas is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 19th day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA